CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
September 03, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ADRIAN FLOREZ, | ) |
| Plaintiff, | ) Case No. 7:24-cv-00107 |
| v. | ) **MEMORANDUM OPINION** |
| J.A. DANIELS, *et al.*, | ) By: Hon. Thomas T. Cullen |
| Defendants. | ) United States District Judge |

Plaintiff Adrian Florez, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants J.A. Daniels and the Richlands Police Department ("RPD"). (*See* Compl. [ECF No. 1].) This matter is before the court on Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (*See* Defs.' Mot. to Dismiss [ECF No. 19.].) For the following reasons, the court will grant the motion and dismiss Plaintiff's claims.

I.

Plaintiff alleges that Defendants Daniels and RPD violated his Fourth Amendment rights to be free from unreasonable searches and seizures by removing certain items from his home that were outside the bounds of the search warrant authorizing the search of his residence. (*See* Compl. 2.) Plaintiff attached a copy of the search warrant to his complaint; by its terms, it authorized the search of Plaintiff and his home for the following property and objects:

> Any US Currency in relation to the amount stolen from the Robbery that occurred on or about November 3rd @ National Bank in Richlands Virginia, Bank Transport bag from National Bank in Richlands Virginia, Any electronic devices, Similar

    articles of clothing shown in the surveillance camera footage and
    body worn camera footage.

(Attachment to Compl. at 2 [ECF No. 1-1].) Plaintiff also attached an inventory form showing that the following items were taken during a search of his residence: (1) a metal pipe, (2) a pair of tan pants, (3) a pair of "brown/black" pants, (4) two black t-shirts, (5) one black tank top, (6) one black button-up shirt, (7) a pair of black jeans, (8) an android cell phone, (9) a black Scheck cell phone, (10) a black Samsung cell phone, (11) a gray cell phone, and (12) an iPhone. (Attachment to Compl. at 1; *see also* Ex. B to Defs.' Mot. to Dismiss [ECF No. 20-2] (showing the same inventory form in greater clarity).) Plaintiff does not identify which of these items he claims was seized outside the parameters of the search warrant. (*See* Compl. 1–4.)

## II.

  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint. *Occupy Columbia v. Haley*, 738 F.3d 107, 116 To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To be "plausible," a plaintiff's claim must be supported by factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although this "plausibility" standard is not akin to "probability," it does require "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Instead, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent

with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted). Additionally, the court "must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017) (citations omitted). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief' as required by Rule 8." *Iqbal*, 556 U.S. at 679 (cleaned up).

### III.

Plaintiff's claims arise under 42 U.S.C. § 1983, which authorizes a civil action by a citizen who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Plaintiff claims that Defendants violated his Fourth Amendment rights by seizing items outside the scope of the warrant issued. (Compl. 2.)

The Fourth Amendment protects the rights of individuals "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State." *Sims v. Labowitz*, 885 F.3d 254, 260 (4th Cir. 2018) (quoting *Schmerber v. California*, 384 U.S. 757, 767, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966)). Any "search conducted pursuant to a warrant is limited in scope by the terms of the warrant's authorization." *United States v. Phillips*, 588 F.3d 218, 223 (4th Cir. 2009) (citing *Walter v. United States,* 447 U.S. 649, 656 (1980) (plurality); *United States v. Squillacote,* 221 F.3d 542, 555 (4th Cir.2000)). That said, "a search warrant is not a 'constitutional strait jacket.'" *Id.* (quoting *United States v. Dornhofer,* 859 F.2d 1195, 1198 (4th Cir.1988)). Rather, in interpreting search warrants, courts must take a "commonsense and realistic approach" and "avoid hypertechnical scrutiny." *Id.* (citations and internal quotation marks omitted); *see also Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020) ("[T]he Fourth Amendment generally leaves it 'to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant.'") (quoting *Dalia v. United States*, 441 U.S. 238, 257 (1979)).

First, Plaintiff cannot state a claim for relief against Defendant RPD because, under Virginia law, "[l]ocal police and sheriff's departments . . . do not have the capacity to be sued." *Thompson v. City of Danville, Va.*, No. 4:10cv00012, 2011 WL 2174536, at *4 (W.D. Va. June 3, 2011). Moreover, it appears that Plaintiff did not intend to bring and/or has voluntarily abandoned his claim against RPD. (*See* Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss at 1

[ECF No. 25] ("I'm not suing the police department just J.A. Daniels."). The court will therefore grant Defendants' motion to dismiss the claims against RPD.

As to Defendant Daniels, Plaintiff has not alleged sufficient facts to support a plausible § 1983 claim. For one thing, his complaint does not indicate what exactly Daniels seized in violation of the search warrant.[1] Without such an allegation, the court cannot find that the complaint gives Daniels fair notice "of what the claim is and the grounds upon which it rests," *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011) (citations omitted), or allows the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Further, it appears Plaintiff's claims threaten the validity of the guilty plea and criminal conviction that followed the execution of the search warrant, raising issues under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). (*See* Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss at 1 (implying Plaintiff's plea and conviction were based, at least in part, on the seizure of two weapons from his residence).) In *Heck*, the Supreme Court held that § 1983 actions are not appropriate vehicles for challenging outstanding criminal judgments and that, in any § 1983 actions that would require a plaintiff to prove the unlawfulness of his conviction or confinement, the plaintiff must first show that the conviction was reversed, expunged, invalidated, or called into question by the issuance of a writ of *habeas corpus*. 512 U.S. at 486–

---

[1] The additional allegations and materials submitted in response to Defendants' motion to dismiss cannot make up for a lack of basic facts in Plaintiff's complaint. (*See* Attachment to Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss [ECF No. 25-1] (annotations on Defendants' exhibits stating there were other materials taken that were not listed on the search inventory form)); *E.I. du Pont*, 637 F.3d at 448 (explaining that, in ruling on a motion to dismiss, "a court evaluates the complaint in its entirety as well as documents attached or incorporated into the complaint" but that the court "cannot go beyond these documents" without converting the motion into a motion for summary judgment). Even if the court were to consider these materials, they do not cure the other fatal issues underlying his claims.

87. While an unconstitutional search or seizure does not always invalidate an underlying conviction, a § 1983 plaintiff seeking to recover compensatory damages, like Plaintiff, "must prove not only that the search [or seizure] was unlawful but that it caused him actual, compensable injury" separate from the "injury" of being convicted and imprisoned. *Id.* at 487 n.7. Here, nothing in Plaintiff's complaint or response shows he suffered any compensable injury other than the implied "injury" of wrongful conviction. Because he has not alleged that his conviction was overturned or otherwise invalidated nor any unrelated injury caused by the wrongful seizure, Plaintiff's claims are not cognizable under *Heck*. For this reason, too, they must be dismissed.

## IV.

For the reasons set forth above, the Court will grant Defendants' motion to dismiss and dismiss Plaintiff's claims in their entirety.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 3rd day of September, 2025.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE